**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-01235-CMA

IN RE: ADAM AIRCRAFT INDUSTRIES, INC.,

_____

GEORGE F. ADAM, JR.,

      Appellant,

v.

JEFFREY A. WEINMAN, as Chapter 7 Trustee, and
ALLEN & VELLONE, P.C.,

      Appellees.

_____

**ORDER REVERSING BANKRUPTCY COURT'S ORDER**

_____

      This matter is before the Court on Appellant George F. Adam Jr.'s ("Adam")
appeal of the United States Bankruptcy Court for the District of Colorado's final Order
Granting Allen & Vellone, P.C.'s ("A&V") Supplemental Application under 11 U.S.C.
§ 330 for Approval of Attorney Fees and "all previous related orders and proceedings
regarding the First and Final Application Under 11 U.S.C. § 331 For Approval of
Attorney[] Fees and Expenses." (Doc. # 2.) The Court has jurisdiction over this appeal
from the final orders of the Bankruptcy Court. *See* 28 U.S.C. § 158(a)(1). For the
following reasons, the order of the Bankruptcy Court is reversed.

## I.  BACKGROUND[1]

On March 11, 2010, the Bankruptcy Court granted Trustee's Motion for Employment of A&V as Special Counsel pursuant to 11 U.S.C. § 327.  On March 29, 2011, the Bankruptcy Court approved, over Adam's objection, a Modified Contingency Fee Agreement between the Estate and A&V.

The Trustee engaged A&V to investigate, evaluate, and prosecute claims against Morgan Stanley Senior Funding, Inc. and Morgan Stanley & Co. Inc. (collectively, "Morgan Stanley").  On December 3, 2010, A&V filed claims against Morgan Stanley in the United States District Court for the District of Colorado in Case No. 10-CV-02933, which case was voluntarily dismissed without prejudice on March 9, 2011.  A&V then filed Adversary Proceeding No. 11-1156 MER on March 9, 2011 (the "Adversary Proceeding"), seeking equitable subordination of Morgan Stanley's secured and unsecured claims against the estate.  The Trustee and Morgan Stanley entered into a Settlement Agreement and Release (the "Settlement Agreement") which was approved by the Court on July 3, 2012 and the Adversary Proceeding was dismissed pursuant to that agreement on July 30, 2012.

According to the Settlement Agreement, Morgan Stanley, after distributions, had remaining secured claims against the Estate in the amount of $50,749,668.54.  However, under the Settlement Agreement, Morgan Stanley assigned to the Trustee,

---

[1]  The following facts are taken from the Bankruptcy Court's February 1, 2013 Order (Rec. at 165-174) and the First and Final Application Under 11 U.S.C. § 331 For Approval of Attorney[] Fees and Expenses (Rec. at 77-92).

all its liens and other rights to all assets of the Debtor and the Estate, including its lien on the "Remaining Sale Proceeds" (that is, the $2,681,083.00 retained by the Trustee from the sale of the Debtor's assets on June 10, 2009).[2]

Under the Modified Contingency Fee Agreement, A&V agreed to provide services for a reduced hourly rate of 75% of A&V's standard rates.  The Fee Agreement further provided A&V would receive a contingency fee of 15% of any "gross amount recovered"[3] by the estate in the Adversary Proceeding or settlement thereof.  On February 1, 2013, the Bankruptcy Court issued an order awarding $464,999.53 under the contingency fee portion of the agreement based on A&V's argument that the "gross amount recovered" by the Estate under the Settlement Agreement is at minimum $3,099,997.22.  A&V arrived at this amount by estimating it reduced the Estate's liability to Morgan Stanley by negotiating that it would release its secured interest totaling at least $1,796,579.95 in the Estate's assets and its unsecured interest totaling at least $1,303,417.27.  In addition to the contingency fee award, the Bankruptcy Court also awarded $73,086.37 in hourly fees and $10,145.82 in costs.  Adam appeals the Bankruptcy Court's determination to award attorney fees based on the contingency fee agreement but does not contest the hourly fees or costs award.

---

[2] Prior to engaging A&V, the Trustee distributed $5,826,837.30 to Morgan Stanly as a secured creditor.

[3] "Gross amount recovered" is defined as "the total amount recovered before any subtraction of expenses and disbursements, including any amount collected by virtue of trial or any settlement of the Matter prior to trial or any reduction in the Client's liability to the Defendants under the Bankruptcy Code."

## II. <u>STANDARD OF REVIEW</u>

The Court reviews the factual determinations of the bankruptcy court under the clearly erroneous standard, and reviews the its legal conclusions *de novo*. *In re Market Center East Retail Prop., Inc.,* 730 F.3d 1239, 1244-45 (10th Cir. 2013). However, a Bankruptcy Court's decision regarding attorney's fees will not be upset absent an abuse of discretion. Under this standard, the reviewing Court will not reverse the Bankruptcy Court's decision unless it has "a definite and firm conviction that the lower court committed a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *In re Cook*, 223 B.R. 782, 788-89 (10th Cir. BAP 1998) (internal citation omitted).

## III. <u>DISCUSSION</u>

11 U.S.C. § 330(a)(1) allows for the award of reasonable professional fees in bankruptcy cases, if the professional is employed under § 327 or § 1103 of the Bankruptcy Code:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103–
>
> > (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
> >
> > (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1). Section 330 provides the court with the ability to declare a fee unreasonable and to independently determine reasonable fees. *In re Commercial Fin. Servs.*, 427 F.3d 804, 810. (10th Cir. 2005.) "[B]ankruptcy courts have wide discretion

in awarding compensation to attorneys, trustees, and professionals so long as it is

reasonable." *Id.* (citing *In re Miniscribe Corp.*, 309 F.3d 1234, 1244 (10th Cir.2002)).

The burden is on the party requesting fees to establish that its request is reasonable.

*Id.* at 811.  Section 330(a)(3) contains a list of factors for the court to consider in

determining the amount of reasonable compensation:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> > (A) the time spent on such services;
> >
> > (B) the rates charged for such services;
> >
> > (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> >
> > (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> >
> > (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> >
> > (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

In the Tenth Circuit, the adjusted lodestar approach is used to calculate

reasonable attorney's fees under 11 U.S.C. § 330(a).  *In re Commercial Fin. Servs.*, 427

F.3d at 811.  "The lodestar analysis takes into account each of the factors specifically

mentioned in § 330(a)(3) plus additional relevant factors."  *Id.*  This Circuit also applies

the *Johnson* factors for the award of attorney's fees in bankruptcy cases.  *See id.*

("As to the attorneys' fees the cause must be remanded with directions to conduct a hearing applying the standards that are set forth in *Johnson v. Georgia Highway Express, Inc.*[, 488 F.2d 714 (5th Cir. 1974).]"). The twelve *Johnson* factors are:

(1) The time and labor required.

(2) The novelty and difficulty of the questions.

(3) The skill requisite to perform the legal service properly.

(4) The preclusion of other employment by the attorney due to acceptance of the case.

(5) The customary fee.

(6) Whether the fee is fixed or contingent.

(7) Time limitations imposed by the client or the circumstances.

(8) The amount involved and the results obtained.

(9) The experience, reputation, and ability of the attorneys.

(10) The "undesirability" of the case.

(11) The nature and length of the professional relationship with the client.

(12) Awards in similar cases.

*Johnson*, 488 F.2d at 717-19.

The Modified Contingency Fee Agreement at issue here is best described as a hybrid, reverse contingency fee agreement.  It is a hybrid agreement because it includes provisions for a combination of hourly and contingency fees.  It is a reverse contingency fee agreement because, if A&V's arguments are accepted, it awards fees based on a reduction in the Estate's liability or the money saved.  *See* Formal Opinion 93-373, ABA committee on Professional Ethics and Professional Responsibility (1993)

(approving the use of reverse contingency fee agreements, but describing the problems that arise in using such an agreement).

Adam makes various arguments that the Bankruptcy Court erred in awarding fees pursuant to the Modified Contingency Fee Agreement.  Relying in part on *In re Market Center East Retail Property, Inc.*, the Bankruptcy Court approved the agreement and determined that agreement reasonable.  448 B.R. 43 (Bankr. D. N.M. 2011), *affirmed,* 469 B.R. 44 (10th Cir. BAP 2012) (agreement for hourly fees plus 15% of amount saved in real estate sale).

However, the Tenth Circuit has since overturned that decision.  *In re Market Center East Retail Prop., Inc.,* 730 F.3d 1239, 1244-45 (10th Cir. 2013).  The Tenth Circuit explained, "[A] bankruptcy court has 'wide discretion' to authorize many types of fee arrangements—provided the total fee is reasonable when considered against the relevant factors."  *Id.* at 1249.  Therefore, the Circuit determined that "the bankruptcy court erred as a matter of law in holding that it was not obligated to consider the § 330(a)(3) and relevant *Johnson* factors—and only those factors—when evaluating the reasonableness of attorney's fees under § 330."  *Id.*

Similarly, in the instant case, the Bankruptcy Court failed to weigh the factors pursuant to *Johnson* and Section 330(a)(3).  Instead, the Bankruptcy Court merely listed those factors but did not discuss or assign weight to them, stating that pursuant to the now-overturned Bankruptcy Appeals Panel's decision in *In re Market Center East Retail Property, Inc.*, "It is the approval of a contingent fee under § 328 that limits the inquiry of the bankruptcy court, not the mandate in § 330(a) that a bankruptcy court consider

7

'all relevant factors.'"  469 B.R. 44 (10th Cir. BAP 2012).  Because the Tenth Circuit has

clarified that the *Johnson* and Section 330(a)(3) factors are mandatory and applying

those factors may affect the Bankruptcy Court's determination of the reasonableness

of the Modified Contingency Fee Agreement, this case must be remanded for

reconsideration of the agreement in light of the those factors.  *See In re Market

Center East Retail Prop., Inc.,* 730 F.3d at 1252.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Bankruptcy Court's award of attorney fees to A&V

is REVERSED and the matter is REMANDED for further proceedings consistent with

this opinion.

DATED:  March 21, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge